**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH WAYNE ATTAWAY, II<br>　　　　Defendant. | 1:15-CR-00272-DAD-BAM-3<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR SELF-REPRESENTATION AND WAIVER OF RIGHT TO COUNSEL |

　　　　On September 12, 2016, Defendant Joseph Wayne Attaway, II ("Defendant" ) moved this Court for an order allowing him to representing himself and discharge his counsel.

　　　　A criminal defendant is entitled to waive his Sixth Amendment right to counsel. *See Faretta v. California,* 422 U.S. 806, 807 (1975). A waiver of the right to counsel must be knowing, intelligent, and unequivocal. *See United States v. Arlt,* 41 F.3d 516, 519–20 (9th Cir. 1994); *United States v. Balough,* 820 F.2d 1485, 1487 (9th Cir. 1987). A waiver of counsel will be considered knowing and intelligent only if the defendant is made aware of (1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Balough,* 820 F.2d at 1487 (citing *Faretta,* 422 U.S. at 835, 95 S.Ct. 2525); *United States v. Van Krieken,* 39 F.3d 227, 229 (9th Cir. 1994); U.S. v. Farhad, 190 F.3d 1097, 1099–100 (9th Cir. 1999).

The Court held a hearing on September 12, 2016.  The Court questioned Defendant about his desire to represent himself and the hazards and disadvantages of self-representation.  The Court advised the Defendant of the charges against him and the maximun penalties he faces.  The Court informed him that sentences could be served consecutively.  The Court discussed the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and how he would be bound by those rules.  The Court confirmed that the Defendant was not under the influence of any drug, and that his only medication did not affect his mental abilities.  Defendant responded intelliglently to all questions.

The Court expressed its own concern with Defendant's self-representation.  Defendant nevertheless repeatedly insisted he wanted to represent himself and understood the consequences of that decision.

The Court finds that Defendant has made a knowing, intelligent, and unequivocal waiver of his Sixth Amendment right to counsel.  Accordingly, his request to represent himself is GRANTED.  The Federal Public Defender is DISCHARGED from further representation.

Janet Bateman from the Federal Public Defender shall promptly inform Mr. Attaway of this order.

IT IS SO ORDERED.

Dated:   **September 12, 2016**          /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE