# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:15-CR-00272 DAD-BAM |
| Plaintiff, | **ORDER DENYING APPOINTMENT OF NON-BAR MEMBER** |
| v. | (Doc. 94) |
| JOSEPH WAYNE ATTAWAY, | |
| Defendant. | |
| _____/ | |

Defendant Joseph Wayne Attaway, is proceeding pro se in this criminal action pursuant to *Faretta v. California*, 422 U.S. 806 (1975). On April 11, 2017, Defendant filed a "Motion for Non-Bar Assistance of Counsel." (Doc. 94.) The Court has reviewed the motion and finds that neither an opposition nor a hearing is necessary.

In substance, the motion seeks appointment of Jay A. Bey, "beneficial owner of Attaway" as non-bar counsel to assist Defendant in his case. (Doc. 94, p. 20.) The motion consists of approximately 54 preprinted pages, including forms signed by Defendant and attachments, all containing language typically seen in filings by "sovereign citizens" and indeed, uses "sovereign citizen" language. (See e.g., Doc. 94, p. 13 ("I declare under penalty of perjury under the laws of the Republic (but not 'State of' as defined from *without* the 'United States' . …")) (emphasis in original), p. 14 ("Non-acceptance of this affirmation or refusal to admit all evidence attached to this pleading into the record by the Court shall constitute withdrawal of consent to make a general appearance or submit myself to the jurisdiction of this foreign court and foreign state.").)

Having had numerous communications with Defendant during the course of this case, it is clear to the Court that Defendant did not prepare this motion, and has minimal, if any, understanding of the contents and meaning of the documents he purportedly prepared and filed. Indeed, the motion is completely and entirely inapplicable to any of the criminal charges against Defendant currently pending in this Court and is basically, gibberish.

Practice in this Court is limited to attorneys who are active members in good standing of the State Bar of California and who are members of the bar of this Court. Local Rule 180 (a) and (b). No evidence has been submitted that Jay A. Bey is a member of the State Bar of California and Defendant represents that Jay A. Bey is not such a member. Therefore, he will not be "admitted" to practice in this Court.

The greater concern to the Court is the continued self-representation of Defendant. In light of the clearly inapplicable paperwork filed with this motion, and Defendant's apparent reliance on someone unattuned to the issues in this case, the Court gravely questions whether Defendant has the ability to know what information will be helpful to his defense. Such filing, and any further such filings as prepared by "assistant" Jay A. Bey, will severely undercut Defendant's statements to this Court that he knows how to defend himself in this case and will jeopardize Defendant's self-representation.

Accordingly, the motion to appoint non-Bar counsel is DENIED.

IT IS SO ORDERED.

Dated: __April 14, 2017__               _/s/ Barbara A. McAuliffe_
                                        UNITED STATES MAGISTRATE JUDGE