UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH WAYNE ATTAWAY, II,<br><br>Defendant. | No. 1:15-cr-00272-DAD-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION AND AMENDED MOTION FOR A REDUCTION IN SENTENCE IN PART<br><br>(Doc. Nos. 362, 422) |

Pending before the court is defendant Joseph Wayne Attaway, II's motion and amended motion for reduction of his sentence/compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 362, 422.)[1] In the pending motion, defendant Attaway argues that "extraordinary and compelling" reasons support his release from confinement. (Doc. Nos. 362 at 4–8; 422 at 4–10.) For the reasons explained below, defendant's motion will be granted only in part.

**BACKGROUND**

On October 1, 2015, a federal grand jury in the Eastern District of California returned an indictment in this action charging defendant Attaway and his two co-defendants with one count of

---

[1] Defendant Attaway later filed another motion in support of his release (Doc. No. 405), which he subsequently withdrew (Doc. No. 417).

1

conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one); two counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (counts two and three); and one count of attempt to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count four).[2] (Doc. No. 19.) On October 31, 2019, following a three-day jury trial, defendant Attaway and co-defendant Hormozi were found guilty on counts one, two, and three of the indictment. (Doc. Nos. 197, 199.) On February 18, 2020, the court sentenced defendant Attaway on all three counts to 204 months in the custody of the U.S. Bureau of Prisons ("BOP") to be served concurrently, followed by a 36-month aggregate term of supervised release. (Doc. Nos. 220, 224.) The court also imposed a $300 special assessment. (Doc. No. 220.) On May 17, 2021, the Ninth Circuit Court of Appeals affirmed the judgment of conviction on appeal. (Doc. No. 307.)

On April 29, 2022, defendant Attaway filed a motion for reduction in his sentence or for his compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[3] (Doc. No. 362.) Therein, defendant Attaway argued that his sentence should be reduced for the following reasons which he characterizes as "extraordinary and compelling": 1) The need for him to be available to provide care for his mother who was then in very poor health; 2) The need for him to be available to provide care for his then-fifteen year old daughter who was struggling in his absence; and 3) the § 3553(a) factors in his case along with his good performance while in custody and his suitable release plan. (*Id.* at 4–8.)

The government filed its opposition to defendant's motion on May 25, 2022. (Doc. No. 368.)[4] On February 4, 2025, counsel on behalf of defendant Attaway filed a status report with

---

[2] Only defendants Hormozi and Kasperian were charged in Count 4 and prior to trial the government dismissed that count.

[3] On March 24, 2021, the court had appointed counsel on defendant Attaway's behalf in connection with that motion. (Doc. No. 301.)

[4] On August 24, 2022, this case was reassigned from the undersigned to the then recently appointed District Judge Ana de Alba. (Doc. No. 372.) On April 15, 2024, following the elevation of Judge de Alba to the Ninth Circuit Court of Appeals, this case was reassigned back to the undersigned. (Doc. Nos. 404.)

the court advising of changed circumstances, specifically the death of defendant's mother, and advising that the pending motion for compassionate release would be amended. (Doc. No. 418 at 2.) On June 5, 2025, counsel on behalf of defendant filed an amended motion for compassionate release, arguing that defendant's sentence should be reduced for the following "extraordinary and compelling" reasons: 1) defendant's father is now incapacitated and defendant is the only available caregiver; 2) defendant's good performance throughout his incarceration in this case reflecting his post-offense rehabilitation, consideration of the § 3553(a) factors, and defendant's suitable release plan.[5] (Doc. No. 422 at 4–10.) On July 23, 2025, the government filed its opposition to the amended motion. (Doc. No. 432.) On August 1, 2025, counsel for defendant filed a reply in support of the amended motion. (Doc. No. 433.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (alteration in original) (citation omitted). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a

/////

/////

---

[5] The amended motion contained no mention of the previously asserted circumstance of the need for defendant to be available to provide care for his daughter.

3

motion on the defendant's behalf[6] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that–

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).[7]

A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v. Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024) (citation omitted).[8] "The U.S. Sentencing Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual." *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024). The policy statement

---

[6] If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights[.]" *See* 18 U.S.C. § 3582(c)(1)(A).

[7] Under 18 U.S.C. § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

[8] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a).

The policy statement further addresses "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody." *United States of America v. Quentin Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Velazquez-Inchaurregui*, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . ."). These extraordinary and compelling reasons are: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence. *Id.*; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13. The statement provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . ."). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

**ANALYSIS**

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

**A.    Administrative Exhaustion**

The government concedes that defendant Attaway has exhausted his administrative remedies as required. (Doc. No. 432 at 4.)

**B.    Extraordinary and Compelling Reasons**

As noted, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." U.S.S.G. § 1B1.13(b)(1)–(6). Defendant Attaway now argues in the pending amended motion that his compassionate release is warranted based upon extraordinary and compelling reasons that: 1) his father is incapacitated and defendant is the only available caregiver; 2) defendant has performed well throughout his incarceration reflecting his post-offense rehabilitation, consideration of the § 3553(a) factors in his case support his compassionate release, and he has a suitable release plan. (Doc. No. 422 at 4–10.)

1        The government opposes the pending amended motion, arguing that the circumstances
2 defendant bases his motion upon are not extraordinary and compelling and, even if they were,
3 consideration of 18 U.S.C. § 3553(a) weighs against the granting of relief. (Doc. No. 432 at 5–9.)
4 Specifically, the government argues that the unfortunate circumstances regarding the defendant's
5 father do not support the granting of the requested relief, noting that the defendant had only
6 established a relationship with his father since his incarceration in this case and has failed to make
7 a compelling showing that he is the only available family member or other who can provide care
8 for his father. (*Id*. at 6.) In addition, the government points out that defendant Attaway has had
9 disciplinary sanctions imposed against him during service of his sentence in BOP custody
10 resulting in the loss of good time credits, thereby undermining his claim of post-offense
11 rehabilitation. (*Id*. at 7–8.) Finally, the government notes that consideration of the § 3553(a)
12 factors do not support the granting of relief in light of the seriousness of the criminal conduct of
13 which defendant Attaway was convicted. (*Id*. at 8–9.)

14        In reply, defendant Attaway argues that he has shown that due to the circumstances of
15 other family members, he is the only person available to care for his incapacitated father and that
16 it is irrelevant that he and his father rekindled their relationship during defendant's incarceration.
17 (Doc. No. 433 at 2–3.) Defendant also contends that his prison disciplinary record is minor, not
18 unusual, and does not detract from his showing (supported by the BOP's reduction of his security
19 classification as well as letters of support submitted on his behalf) of post-offense rehabilitation.
20 (*Id*. at 3–4.) Defendant concludes that consideration of the § 3553(a) factors support his request
21 for reduction of his sentence to one of home confinement. (*Id.* at 4.)

22        The primary circumstance upon which defendant Attaway now relies in seeking
23 compassionate release is his assertion that he is the only available caregiver for his incapacitated
24 father. (*Id.* at 2–3.) However, based upon the showing made by defendant, the court is not
25 persuaded that this very unfortunate circumstance involving his father's current need for care
26 supports defendant's request for release. In this regard, defendant Attaway has submitted
27 evidence that his siblings are unable to provide the necessary care for his father due to their
28 circumstances. (Doc. No. 422-1.) While the court certainly has sympathy for defendant and his

7

family due to these difficult circumstances, this showing is not sufficient to support defendant's request for his immediate release from custody. *See United States v. Simmons*, No. 1:14-cr-20628, 2025 WL 1189988, at *6 (E.D. Mich. Apr. 24, 2025) (denying compassionate release, noting that "at least two other family members are literally 'available'" and recognizing that while "their care may not be the most feasible," the " '[t]he availability, not the feasibility, of that care . . . is what this Court considers most important in assessing' extraordinary and compelling reasons for compassionate release") (alteration in original) (quoting *United States v. Hanner*, No. 1:07-cr-10028-01, 2023 WL 159009, at *4 (W.D. La. Jan. 11, 2023)); *United States v. Shabazz*, No. 17-cr-00043-JDB, 2021 WL 4306129, at *1–2 (D.D.C. Sept. 22, 2021) (denying a motion for compassionate release, observing that although "not ideal," it was "possible" for either the defendant's mother to move to South Carolina or the defendant's sister to move to New York to ensure care and that these possibilities, no matter how impractical, "undermine[d]" the argument that the defendant was his mother's only available caregiver); *United States v. Irizzary*, No. 14-cr-00652-13, 2021 WL 735779, at *8 (E.D. Pa. Feb. 25, 2021) (denying compassionate release noting that in similar cases involving the mother of a defendant needing care, courts had concluded that while family members other than the defendant "may not have felt equipped to care for the mother due to other obligations, we found they did not demonstrate they were incapacitated or otherwise physically unable to care for her").

In addition, although defendant Attaway has presented some evidence of post-offense rehabilitation (Doc. No. 422-1 at 11–12), this showing is negated by his recent (2025) prison disciplinary incidents (Doc. No. 432-1 at 7). On balance, the court is not persuaded that defendant has made an adequate showing for relief on the grounds advanced in his pending motions.

Nonetheless, upon further reflection and in light of events occurring subsequent to defendant Attaway's original sentencing, the court concludes that a slight reduction in the sentence imposed in his case is appropriate in order to avoid unwarranted sentencing disparity. In this regard, at the time of defendant Attaway's sentencing on February 18, 2020, his offense level and criminal history score were determined to place him in an advisory sentencing guideline

1  range calling for a term of imprisonment of between 292 and 365 months, but because each of the
2  counts of conviction were punishable by a maximum of 20 years, the advisory guideline range on
3  each count became 240 months. (Doc. Nos. 208 at 20–21; 238 at 3.) Nonetheless, based upon
4  the defendant's personal history and characteristics, including his struggles with mental health
5  issues, the court varied downward by three years from the 240–month advisory sentencing
6  guideline range and imposed a sentence of 204 months on each of the three counts with those
7  terms to run concurrently. (Doc. Nos. 219; 223 at 2, 238 at 13.)

8  Thereafter, on July 10, 2023, co-defendant Kasperian (the purchaser of the
9  methamphetamine provided by defendant Attaway), was sentenced to a 60 month term of
10 probation. (Doc. Nos. 399, 401 at 2.) More recently, on May 20, 2025, the undersigned granted
11 in part a motion for reduction of sentence filed on behalf of co-defendant Hormozi (the
12 middleman between Kasperian and defendant Attaway in the methamphetamine transactions),
13 and reduced Hormozi's sentence from 126 months in the custody of BOP to a term of 120
14 months. (Doc. No. 420.)

15 Defendant Attaway's role in the offenses of conviction, as the source of the
16 methamphetamine, was clearly the most aggravated of the three co-defendants. Moreover, his
17 criminal history was the most serious of the three. Nonetheless, in light of some evidence of
18 post–offense rehabilitation on his part as well as the court's interest in avoiding unwarranted
19 sentencing disparity, it is the court's conclusion that a 6-month reduction of sentence to a term of
20 198 months in BOP custody is appropriate in defendant Attaway's case.
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

**C.    § 3553 and Other Relevant Factors**

Any relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) must be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).[9] *See Parker*, 461 F. Supp. 3d at 978. Here, for the reasons already stated above, the court finds that consideration of the § 3553(a) sentencing factors also supports the modest reduction of defendant Attaway's sentence from the 204 months in custody originally imposed to 198 months in the custody of the BOP.

## CONCLUSION

For the reasons discussed above:

1. Defendant Attaway's motion and amended motion for reduction in sentence (Doc. No. 362, 422) are GRANTED in part;

2. Defendant Attaway's sentences on Counts 1, 2, and 3 are reduced to 198 months in the custody of the BOP as to each of those counts to run concurrently;

3. The aggregate term of 36 months on supervised release previously imposed remains unchanged and in place as do all the standard and special conditions of supervised release imposed at the time of defendant's original sentencing as set out in the original judgment (Doc. No. 223);

/////

/////

/////

/////

---

[9] Title 18 U.S.C. § 3553(a) provides that the sentencing court shall consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

1     4. An amended judgment will issue; and

2     5. The Clerk of the Court is directed to again close this case as to all defendants.

3     IT IS SO ORDERED.

4   Dated: **November 20, 2025**

                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE